UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP ALLEN FIELD,         )
                                          )
            Petitioner    )
                                          )
       vs.            )     CAUSE NO. 3:06-CV-32 RM
                                        )  (Arising out of 3:87-CR-16(01)RM)
UNITED STATES OF AMERICA,   )
                                          )
           Respondent  )

ORDER and OPINION

In October 1987, a jury found Phillip Field guilty on 292 counts of aiding and abetting the alteration of postal money orders in violation of 18 U.S.C. §§ 500 and 2. He was sentenced in December 1987 to a term of 50 years' imprisonment, his conviction was affirmed in May 1989, and his request to the Seventh Circuit Court of Appeals for rehearing was denied on July 25, 1989. United States v. Field, 875 F.2d 130 (7th Cir. 1989).

Mr. Field now asks that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claims that the indictment was improperly amended, his sentence was excessive, he received ineffective assistance of counsel at trial and on appeal, and the courts misinterpreted "very old law . . . going back to the U.S. Constitution and Bill of Rights."

The one-year limitation period applicable to motions filed pursuant to 28 U.S.C. § 2255 runs from the latest of:

        (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Field hasn't specified which of these factors he believes creates the one-year limitations period applicable to his claims, but an examination of each factor shows that his claims are time-barred:

Pursuant to subsection (1), more than one year has expired from the date of the final judgment in this case: based on the July 25, 1989 denial of Mr. Field's request for rehearing on appeal, the judgment became final on October 23, 1989 (the date when the time to petition the Supreme Court for a writ of certiorari expired); Mr. Field filed his § 2255 petition on January 12, 2006, more than sixteen years too late.

Mr. Field hasn't alleged or argued that the government somehow prevented him from asserting his claims, as required by subsection (2).

Mr. Field may be seeking to have his sentence vacated in light of the Supreme Court's January 12, 2005 decision in United States

v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005).[1] Reliance on Booker would be misplaced because that decision doesn't apply retroactively to collateral proceedings. *See* McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

Mr. Field hasn't alleged or argued, as subsection (4) requires, that the facts supporting his claims weren't previously available to him.

Mr. Field hasn't demonstrated that his claims are timely under any of the statutory options, nor has he argued that some other factor justifies equitable tolling of the limitations period. *See* Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004). Mr. Field's petition is time-barred.

Based on the foregoing, Mr. Field's request for appointment of counsel is DENIED and his petition filed pursuant to 28 U.S.C. § 2255 [docket # 1] is DISMISSED.

SO ORDERED.

---

[1] Attached to Mr. Field's § 2255 petition is letter to the court from Mr. Field's mother referencing a "deadline date for filing of January 12, 2006."

ENTERED:  <u>  January 20, 2006  </u>


<u>  /s/ Robert L. Miller, Jr.  </u>
Chief Judge
United States District Court

cc:   P. Field
      USA

4